BALTIMORE & OHIO TEL. Co. *v.* WESTERN UNION TEL. Co.[1]

*(Circuit Court, E. D. Louisiana. October 24, 1884.)*

TELEGRAPH COMPANIES — EXCLUSIVE PRIVILEGES — CONTRACT AGAINST PUBLIC POLICY.

A contract between a telegraph company and a railroad company, by which it is attempted to give an exclusive right to the former to build and operate a telegraph line over the lines and right of way of the railroad company, and by which the railroad company agrees to discriminate in the carriage and rates of freight against competing telegraph companies, being against public policy, is absolutely null and void.

In Chancery. On motion for an injunction.
*James R. Beckwith,* for complainant.
*Thomas L. Bayne* and *George Denegre,* for defendant.

PARDEE, J. This cause came on to be heard on the motion of the complainant for an injunction *pendente lite,* and was argued by counsel, whereupon it is considered by the court that the several clauses in the contract of May 9, 1879, between the Western Union Telegraph Company and Morgan's Louisiana & Texas Railroad & Steam-ship Company, and in the contract of October 17, 1879, between the Western Union Telegraph Company and the Louisiana & Western Railway Company, by which the said Western Union Telegraph Company is apparently given the exclusive right of building and operating a telegraph line over the lines and right of way of said railroad companies, and by which the said railroad companies agree to discriminate in the car-

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

riage and rates of freight against competing telegraph companies, (being against public policy and in violation of law,) are absolutely null and void as against the complainant herein, and ought not in justice and equity to be alleged, pleaded, or set up against said complainant by said Western Union Telegraph Company in any suit or at any place; and considering, further, that the matters set up in the bill herein and the exhibits produced are within the equity jurisdiction of the court, and call for the exercise of the equitable writ of injunction, it is ordered that an injunction pending this suit issue as prayed for; with the condition, however, that the said injunction shall not be taken or construed as enjoining or prohibiting proceedings in any state court.